UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MISSION TOXICOLOGY, LLC, and SUN CLINICAL LABORATORY, LLC, <br><br>*Plaintiffs,*<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF TEXAS, INC., UNITEDHEALTHCARE OF FLORIDA, INC., and UNITED HEALTHCARE SERVICES, INC.,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § | No. 5:17-CV-1016-DAE |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC., and UNITEDHEALTHCARE SERVICES, INC.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>MICHAEL MURPHY, M.D., JESSE SAUCEDO, JR., SAMANTHA MURPHY, LYNN MURPHY, JULIE PRICER, MISSION TOXICOLOGY LLC, SUN CLINICAL LABORATORY, LLC, SUN ANCILLARY MANAGEMENT LLC, INTEGRITY ANCILLARY MANAGEMENT LLC, ALTERNATE HEALTH LAB, INC., and LMK MANAGEMENT LLC,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | No. 5:18-CV-347-DAE |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

1

**To the Honorable Senior United States District Judge David A. Ezra:**

On May 23, 2018, the District Court referred to the undersigned the issue of determining whether the above-referenced two actions should be consolidated pursuant to Federal Rule of Civil Procedure 42. *See* 28 U.S.C. § 636(b)(1)(B). As discussed further below, the undersigned recommends that these actions be consolidated for all pretrial purposes as requested by the parties. The undersigned further recommends that a decision on consolidation for trial purposes is best deferred until closer to trial.

The Federal Rules of Civil Procedure provide:

If actions before the court involve a common question of law or fact, the court may:
 (1) join for hearing or trial any or all matters at issue in the actions;
 (2) consolidate the actions; or
 (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation under Rule 42 is permitted "'as a matter of convenience and economy in administration.'" *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)). Consolidation is not permitted "if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

"In this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Thus, Rule 42(a) 'is permissive and vests a purely discretionary power in the district court.'" *Id.* (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955)). Five factors inform a court's inquiry into whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether

there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015).

Here, the factors reflect that consolidation for pretrial purposes is warranted. The first two factors favor consolidation. Both actions are pending in the same court, concern the same parties or related entities and their officers, and involve the same attorneys. There are also presented several common questions of fact, which nudges the third factor in favor of consolidation. Specifically, both cases involve claims submitted for services provided to United's members by several toxicology laboratories. In the first-filed case, *Mission Toxicology et al. v. UnitedHealthcare Ins. Co. et al.*, No. 5:17-CV-1016-DAE (W.D. Tex. Oct. 6, 2017), Plaintiffs Mission Toxicology and Sun Laboratories seek recovery for unpaid claims submitted to United on behalf of United's insureds under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. *See* Sec. Amend. Compl. According to the live complaint, the claims were submitted by two of United's rural in-network hospitals for services provided at Mission Toxicology and Sun Laboratories' labs. In the second-filed case, *UnitedHealthcare Ins. Co. et al. v. Michael Murphy, M.D. et al.*, No. 5:18-cv-347-DAE (W.D. Tex. filed Apr. 18, 2018), United brings various fraud-related claims against Mission Toxicology, Sun Laboratories, and various entities or individuals, managed by, owned by, or otherwise affiliated with Mission Toxicology and Sun Laboratories (collectively, the "Labs"). According to United, the Labs used "financially-strained rural hospitals as 'fronts' to conceal the true identity of the [out-of-network] lab that performed the testing services." Compl. at 1. Further, the parties seem to agree that some

form of limited consolidation would be in the interest of all parties involved. *See* Joint Report for Consolidation Under Fed. R. Civ. P. 42 at 2 ("Respective counsel for the Parties conferred on June 25, 2018 and reached a joint understanding on proposed consolidation, as follows: Claims in both C.A. No. 5:17-cv-01016 and C.A. No. 5:18-cv-347 should proceed under the existing Scheduling Order and deadlines in C.A. No. 5:17-cv-01016 (ECF No. 21)").[1]

The parties disagree whether consolidation for purposes of trial is appropriate. United argues that its state-law claims will require a jury trial and that the Labs' ERISA claims merit a bench trial. The Labs, in contrast, urge that a jury trial ultimately will be unnecessary because United's state-law claims are preempted by ERISA. The Labs further argue that even if the Court were to disagree with them on preemption, "the actions should be tried together before a jury with the Court adjudicating the claims governed by ERISA and the remaining claims being decided by the trier of fact. Trying the two cases separately would necessitate explanation of the same facts and be an undue burden on the Court and the parties." *Id.* at 3. Whether United's state-law claims are preempted is an issue raised by the Labs' pending motion to dismiss. *See UnitedHealthcare Ins. Co. et al. v. Michael Murphy, M.D. et al.*, No. 5:18-cv-347-DAE, Dkt. No. 17 at 8-14.

To the extent the District Court determines that United's claims are not preempted, it is unclear how separate trials would create an undue burden on the Court or the parties. Both cases will be heard before the same District Judge and only United's claims will require a jury. Ultimately, however, a determination on consolidation for trial is best addressed closer to trial, once it has been determined which claims remain at issue following a ruling on the pending motion to dismiss.

---

[1] The Joint Report was filed in the second-filed action, *UnitedHealthcare Ins. Co. et al. v. Michael Murphy, M.D. et al.*, No. 5:18-cv-347. *See* Dkt. No. 23.

The undersigned therefore recommends that Civil Action Nos. 5:17-cv-01016-DAE and 5:18-cv-347-DAE be consolidated for all pretrial proceedings, including discovery. Future filings should be made in the first-filed action, *Mission Toxicology et al. v. UnitedHealthcare Ins. Co. et al.*, No. 5:17-CV-1016-DAE, and the parties should proceed pursuant to the Scheduling Order entered in that case, Dkt. No. 21. To the extent the Labs believe consolidation for purposes of trial is appropriate, they can re-urge their consolidation request at an appropriate time in the future.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 7th day of August, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE