

andy.jubinsky@figdav.com
214-939-2009

December 11, 2020

**<u>VIA ECF</u>**
U.S. District Judge Hon. Jason Pulliam
655 E. Cesar E. Chavez Blvd.,
San Antonio, TX 78206

Re:    C.A. No. Cause No. 5:18-cv-00347-JKP; *UnitedHealthcare Insurance Company, Inc., UnitedHealthcare Services, Inc. v. Michael Murphy, M.D., Jesse Saucedo, Jr., Samantha Murphy, Lynn Murphy, Julie Pricer, Mission Toxicology LLC, Sun Clinical Laboratory LLC, Sun Ancillary Management LLC, Integrity Ancillary Management LLC, Alternate Health Lab, Inc., and LMK Management LLC*, in the United States District Court for the Western District of Texas, San Antonio Division

Judge Pulliam:

This letter is written in response to the Show Cause Order [Doc. 36] and as an apologetic explanation as to the oversight of your Order for Submission of Proposed Trial Scheduling Order. [Doc. 35].

By way of background, my Firm, Figari + Davenport LLP, was retained to defend the UnitedHealthcare entities ("United") in the lead case, Case No. 5:17-CV-1016-JKP. Weinberg Wheeler LLC took the lead on prosecuting the affirmative claims for United in the member case, Case No. 5:18-CV-0347-JKP, and its lead attorney is licensed to practice law in Texas. Given the magnitude of the cases and specialized issues associated with each case, more than one law firm was retained to represent United.

After the cases were consolidated in August 2018 [Doc. 25], Robins Kaplan LLP substituted as counsel for the Weinberg Firm [Doc. 105], and pro hac vice motions were filed that captioned both the lead and member cases and filed in the consolidated case. Since that time, the Robins Firm took the lead role in prosecuting United's affirmative claims, and the Figari Firm continued to take the lead role in defending United on the ERISA claims asserted by the Lab plaintiffs. By all accounts, all participating attorneys in the Figari and Robins Firms were receiving ECF notices in the consolidated case.

On November 4, 2020, the Court granted summary judgment in favor of United and dismissed the Labs' ERISA claims. [Doc. 235.] As a result, the only claims that remained in the consolidated case were the affirmative claims asserted by United. The

FIGARI + DAVENPORT

ph: 214.939.2000    Figari + Davenport, LLP
fx: 214.939.2090    901 Main Street, Suite 3400
figdav.com    Dallas, Texas 75202-3776

December 11, 2020
Page 2

_____

Court issued its Deconsolidation Order on the same day noting its intent to set dates for trial and a final pretrial conference in the member case. [Doc. 236.]

On November 5, 2020, the Court issued its Order for Submission of Proposed Trial Scheduling Order in the member case. [Doc. 35.] At the time of its issuance, I did not realize that the attorneys for the Robins Firm were no longer on the ECF service list.[1] Since the Figari Firm was not retained to lead the prosecution of the affirmative claims in the member case, but rather assist in a local counsel capacity, it was expected that the Robins Firm would arrange and handle the attorney conference with opposing counsel and submit the joint proposed trial order as directed in the Order, since they are lead counsel in that regard. I did not realize at the time that the attorneys from the Robins Firm, and the Markam & Read attorneys defending the Labs and other defendants, were not included on the ECF service list, as they had been on prior ECF notices in the consolidated case. This oversight was not discovered until the issuance of the Show Cause Order.

Immediately upon receiving the Show Cause Order, I forwarded it and the Order for Submission to the Robins Firm, with instructions to enter a notice of appearance in the member Case No. 5:18-CV-0347-JKP. The Robins Firm then forwarded the Orders to the Markham Firm to confer on and submit, post-haste, a joint proposed trial scheduling order in response to the Order for Submission.

I did not notice the absence of the Robins Firm on the ECF service list and such oversight was not intentional or deliberate. Because the Robins Firm had been receiving and acting upon ECF notices in the past in prosecuting United's affirmative claims, it did not dawn on me to double check the ECF service list on the Order for Submission to assure they were listed thereon. And I suspect it did not dawn on the Robins Firm to file separate notices of appearance in the member case after the deconsolidation.

In closing, I have been practicing law over 30 years and have not been reprimanded, sanctioned, or disciplined in the past, and neither has United on the cases I have represented them on. Also, I have worked with the Robins Firm on other cases without incident or missing any deadlines.

Deepest apologies,

Andy Jubinsky

_____

[1] The other attorney from the Figari Firm on the ECF service list, Ray Walker, is no longer with the Firm. His withdraw as counsel for United had been filed in the lead case. [Doc.97.] The other Figari Firm recipients on the ECF service list are non-attorneys.